The Honorable Gilbert Baker State Senator #17 Cooper Lane Conway, AR 72034
Dear Senator Baker:
You have presented the following questions for my opinion:
 (1) If a police officer answers a call and an individual needs medical treatment for something such as a drug overdose or physical injuries received prior to the officer's arrival and the police have the person transported to the hospital and not to the county jail, is the police department liable for the cost of the medical treatment?
 (2) If a police officer answers a call and an individual needs medical treatment for something such as a drug overdose or physical injuries received prior to the officer's arrival and the police have the person transported to the hospital and then later transported to the county jail on unrelated charges, is the police department liable for the cost of the medical treatment prior to incarceration?
 (3) If an individual is injured during the process of resisting arrest and is transported to the hospital for treatment of his injuries and later cited and released without being taken to the county jail, is the police department liable for the cost of the medical treatment?
 (4) If an individual is injured during the process of resisting arrest and is transported to the hospital for treatment of his injuries and later transported to the county jail, is the police department liable for the cost of the medical treatment prior to incarceration?
RESPONSE
I note that I recently issued Opinion No. 2003-225, in which I addressed a series of questions that were similar to those set forth above. I opined that the answer to the question of who is to be held liable for the payment of the cost of emergency medical care in the described scenarios would depend largely upon various facts about the case. It is my understanding that the primary concern that has prompted you to submit the above series of questions is the issue of what constitutes incarceration, for purposes of determining responsibility for medical care.
Although it is true that under some circumstances, the fact that an entity has incarcerated or detained an individual can give rise to a legal obligation to provide medical treatment for that individual, seeCity of Revere v. Massachusetts General Hospital, 463 U.S. 239 (1983), the fact of incarceration or detention, in and of itself, does not necessarily give rise to such an obligation, nor does it answer the question of who must pay for such treatment, if provided. Because numerous factual matters must of necessity be considered in any analysis of this issue, I am unable to undertake such an analysis in a hypothetical context. Accordingly, I must decline to respond to your questions as presented. I will be happy to analyze a real situation involving this issue that is described to me in sufficient detail.
I also note that because this area of the law is unclear as to the types of hypothetical scenarios you have presented (as also indicated in Opinion No. 2003-225), legislative clarification would be beneficial.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General